## Potts v. Smith, Secretary of the Commonwealth

*Compton & Handler*, for plaintiff.

*Robert E. Woodside*, Attorney General, and *Harrington Adams*, Deputy Attorney General, for Secretary of the Commonwealth.

SMITH, P. J., February 28, 1952.—Plaintiff, George V. Potts, on February 25, 1952, filed his complaint in mandamus against Gene D. Smith, Secretary of the Commonwealth of Pennsylvania, with notice endorsed thereon to defendant to plead thereto within 20 days. On the same day a motion for summary judgment was filed by plaintiff, together with notice that the same

would be presented to this court on the date above mentioned at 2 o'clock p.m. The service of the complaint, the motion for summary judgment and notice of hearing thereon were duly accepted by a Deputy Attorney General on behalf of defendant.

The facts giving rise to the instant motion now before us as averred in the complaint, and not specifically denied by answer filed, are as follows:

On February 18, 1952, plaintiff, who averred that he was a citizen of the Commonwealth of Pennsylvania and a registered elector of the Republican Party for the twenty-third congressional district, duly filed with defendant at his office in the City of Harrisburg, Pa., a petition to have his name printed upon the official primary ballot of the Republican Party for the year 1952 as a candidate for the office of delegate to the National party convention for the aforesaid congressional district. This petition, upon the form provided by the Secretary of the Commonwealth, was alleged to have been signed by at least 200 registered and enrolled members of the Republican Party in that congressional district. The petition consisted of five sheets. Each sheet was alleged to have been supported by the required affidavits of a qualified elector and the candidate and otherwise to be in all respects as required by law. Inclosed with the petition was also a money order drawn to the Commonwealth of Pennsylvania in the amount of $50, which money order was tendered by plaintiff, without qualification or restriction, as payment of the filing fee therefor. Thereafter, under date of February 20, 1952, defendant advised plaintiff by letter that he was unable to accept his petition for filing and returned the same to him stating therein:

"I am returning your petition for Delegate to the National Convention from the Twenty-third District on the Republican ticket.

"The filing fee for this office is Ten ($10.00) Dollars.

You have enclosed a money order in the sum of Fifty ($50.00) Dollars. Since this is not the proper filing fee, we are unable to accept your petition for filing.

"It is too late for you to correct this error and return it for filing since February 18, 1952, at 5 o'clock P.M. was the deadline for all filings."

The question now before us, assuming that plaintiff's nomination petition was otherwise in proper form, is whether the unconditional delivery to the Secretary of the Commonwealth of a money order in the sum of $50 payable to the order of the Commonwealth of Pennsylvania, was a good legal tender in payment of the filing fee for plaintiff's petition to have his name placed upon the primary ballot for the office of delegate from the twenty-third congressional district to the Republican National Convention.

The Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended, sec. 913(*b*), 25 PS §2873, provides:

"(b) Each person filing any nomination petition shall pay, for each petition, at the time of filing, a filing fee to be determined as follows, and no nomination petition shall be accepted or filed, unless and until such filing fee is paid by a certified check or money order. . . . Certified checks or money orders in payment of filing fees shall be made payable to the Commonwealth of Pennsylvania . . ., and shall be transmitted to the State Treasurer . . ., and shall become part of the General Fund. . . .

"6. If for the office of delegate or alternate delegate to National party convention, . . . the sum of ten dollars ($10.00)."

Section 976 of the code, supra, as amended (25 PS §2936), provides:

"When any nomination petition, . . . is presented in the office of the Secretary of the Commonwealth

. . . for filing within the period limited by this act, it shall be the duty of the said officer . . . to examine the same. No nomination petition, . . . shall be permitted to be filed . . . (f) If the nomination petitions . . . are not accompanied by the filing fee or certified check required for said office; . . . The action of said officer . . . in refusing to receive and file any such nomination petition, . . . may be reviewed by the court of common pleas of the proper county upon an application for a writ of mandamus to compel its reception as of the date when it was presented to the office of such officer . . . : Provided, however, That said officer . . . shall be entitled to a reasonable time in which to examine any petitions, . . . and to summon and interrogate the candidates named therein, or the persons presenting said petitions, . . ."

The Commonwealth contends that, since section 976 of the Pennsylvania Election Code provides that no nomination petition shall be permitted to be filed if not accompanied by the filing fee required for that office "it means a filing fee of ten ($10.00) dollars, nothing less, nothing more".

In the instant case it appears that there were five separate sheets consisting of three pages for signatures of electors and the fourth page for "Affidavit of Qualified Elector" and "Candidate's Affidavit". At the bottom of the fourth page on each of the sheets there was a notice reading: "The filing fee for this petition is ten dollars ($10.00)". Although these five sheets were attached and constituted but one candidate's petition, plaintiff manifestly assumed that he was required to pay a filing fee of $10 for each of the five sheets. He unconditionally paid this amount in a money order. He not only paid the required filing fee of $10, but inadvertently paid five times the required amount. Under these circumstances, we can

find nothing in the law nor have we been referred to any decision which would justify the rejection of plaintiff's petition. Accordingly, we enter the following

*Order*

And now, to wit, February 28, 1952, defendant, Gene D. Smith, Secretary of the Commonwealth, is hereby ordered and directed to receive the nomination petition of George V. Potts as a candidate for the office of delegate to the National party convention of the Republican Party for the year 1952 from the twenty-third congressional district, and if, after due examination thereof, he finds that said nomination petition complies with all other requirements of the law, he shall file the same, and certify the name of the candidate to the proper officials for inclusion on the ballot at the ensuing primary election. The prothonotary is directed to notify the parties hereto or their counsel of this order forthwith.